**Gjoke SHQUTAJ, Petitioner,**

v.

**\*IMMIGRATION AND NATURALIZATION SERVICE, Respondent \*(Amended as per the Clerk's 8/29/02 Order).**

No. 02–1909.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 4, 2003.

Decided Feb. 4, 2003.

Before SLOVITER, RENDELL and STAPLETON, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Gjoke Shqutaj appeals from a final order of exclusion issued by the Board of Immigration Appeals on March 6, 2002, affirming the Immigration Judge's denial of his applications for asylum and withholding of deportation. The petition for review will be denied.

Gjoke Shqutaj is a native and citizen of Albania, whose father was long ago imprisoned for assisting those who were attempting to flee the Albanian communist regime. Shqutaj claims that during the regime he was prohibited from continuing his education past eighth grade, and that he was forced to do physical labor, spending the years from 1975 to 1990 chopping wood for nominal compensation. In 1990, Shqutaj's brother died and was brought home by the police. Although the police explained that he had been killed during a work accident, Shqutaj has apparently always suspected something more sinister.

During the fall of the communist regime in Albania and throughout the 1990s, Shqutaj was an active member of the Democratic Party and the Association of the Formerly Politically Persecuted. In 1996, he was twice arrested for his participation in a roadblock prior to the election in May of that year. According to Shqutaj, the purpose of the roadblock was to "prevent communists and socialists from spreading lies to the populace during the

pre-election campaign." Shqutaj reports that while in the custody of the police he was interrogated, threatened, grabbed by the throat, detained for three days in a concrete cell, and otherwise treated very harshly. Soon after his release Shqutaj was arrested again for further questioning about the roadblock and its participants and organizers, and suffered from further harsh treatment by the police. Shqutaj testified that after his second release he believed that the police were going to imprison or kill him, and he immediately began searching for a way to flee the country. He claims that according to his wife, who remains in Albania, the police have since inquired about his whereabouts.

Shqutaj arrived in the United States in June of 1996. He was immediately detained, and charges were brought against him for attempting to enter the United States by fraud, and for being an immigrant not in possession of a valid entry document. Although the Immigration Judge did not sustain the former charge, Shqutaj conceded the latter charge and presented an application for asylum and withholding of deportation.

After a hearing on the merits, the Immigration Judge held that Shqutaj had not proven that he was entitled to relief and denied his application. On March 6, 2002, the Board of Immigration Appeals ("BIA") affirmed the findings of the Immigration Judge. This timely appeal followed.

The BIA had jurisdiction under 8 C.F.R. § 3.1(b)(3), and we have jurisdiction pursuant to 8 U.S.C. § 1105a.[1] The Attorney General may grant asylum to any alien who is "unable or unwilling to avail himself or herself of the protection of[ ] that country because of persecution or a well-found-

ed fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The burden to prove a well-founded fear of persecution lies with the applicant, who must demonstrate that he or she has a genuine fear of persecution, and that a reasonable person in the same circumstances would similarly fear persecution if returned to the native country in question. *See Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002). An applicant who establishes past persecution, however, benefits from a presumption that he or she has a well-founded fear of future persecution. *See, e.g., Obianuju Ezeagwuna v. Ashcroft,* 301 F.3d 116, 126–27 (3d Cir.2002).

As the resolution of these factual determinations has been delegated to the BIA, our review is circumscribed, limited to ensuring that any findings are supported by substantial evidence. *See, e.g., Gao,* 299 F.3d at 272 ("Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard."); *Abdille v. Ashcroft,* 242 F.3d 477, 483 (3d Cir. 2001). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See, e.g., Obianuju Ezeagwuna,* 301 F.3d at 126. We may reverse only where the evidence compels a conclusion contrary to that of the BIA. *Id.*

■ On appeal, Shqutaj essentially just restates the arguments conclusively rejected by the Immigration Judge and the BIA, and we can find no basis for disturbing

---

**1.** Because Shqutaj's immigration proceedings commenced prior to April 1, 1997, appellate jurisdiction is controlled by the former Immigration and Nationality Act, 8 U.S.C. § 1105a,

instead of the relevant provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1252.

those conclusions.[2] The Immigration Judge found that Shqutaj was legitimately arrested for his participation in an illegal roadblock, and was unconvinced that the treatment Shqutaj received while in custody, even if harsh, was so severe that it would justify a finding of past persecution or eligibility for asylum. The substantial evidence in the record supports that conclusion. Shqutaj concedes that his arrest was proper, and although he may very well have been mistreated by the police, there is absolutely no evidence of persecution. *See, e.g., Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir.1993) ("[P]ersecution is an extreme concept that does not include every sort of treatment that our society regards as offensive.").

Shqutaj argues that focusing on the unlawful nature of the roadblock ignores the context in which it took place. He describes his attempts to prevent the communists from regaining power in Albania as "reasonable" and "courageous" given the human rights abuses that had taken place under their previous regime. The reasons for his actions, however, do not alter the propriety of his arrest, nor do they provide support for the conclusion that his treatment while in custody rose to the level of persecution. Further, although Shqutaj claims that he feared that the police were going to kill him after he was released from custody for the second time, there is no evidence to lend any objective credence to Shqutaj's fears. *See, e.g., Lin v. INS*, 238 F.3d 239, 244 (3d Cir.2001) (noting that the applicant's sub-

jective fear of persecution must be " 'supported by objective evidence that persecution is a reasonable possibility' " (quoting *Chang v. INS*, 119 F.3d 1055, 1066 (3d Cir.1997))).

▪ The Immigration Judge similarly rejected Shqutaj's claim that he had been persecuted based on his membership in the particular social group of his family, finding that Shqutaj had not established any prior harassing or persecuting treatment against him because of his father's political activities or otherwise. Shqutaj's argument with regard to the supposed persecution against him because of his family was based on two claims: (1) that he and his family were denied economic and educational opportunities under the previous communist regime, and (2) that the police officers who arrested him made threatening references to his father's incarceration decades earlier. We agree with the Immigration Judge that neither of these claims could plausibly require the granting of asylum; Shqutaj has presented absolutely no evidence of any unique mistreatment or hardship prior to being properly arrested for his participation in the illegal roadblock.[3] *See, e.g., Lin*, 238 F.3d at 243–44 ("For the government's action to constitute persecution, it must amount to more than 'generally harsh conditions shared by many other persons.' ").

In sum, the Immigration Judge and BIA resolved all of the relevant factual questions against Shqutaj, and there is no evidence in the record that would compel us

---

2. Shqutaj also presently claims that he must be granted relief under the Convention Against Torture. It appears, however, that he is improperly raising the claim here for the first time, and, at any rate, there is no evidence in the record to indicate that it is "more likely than not that he ... would be tortured if removed to the proposed country of removal." ·8 C.F.R. § 208.16(c)(2).

3. For identical reasons, Shqutaj has failed to establish that it is more likely than not that he will face persecution if he is deported, and his withholding of deportation claim must also fail. *See Lin*, 238 F.3d at 244.

to find otherwise. Accordingly, the petition for review will be DENIED.