**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1452
_____

GEZIM DODA,
a/k/a Gjoke Shqutaj,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-955-543)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2012

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: October 1, 2012)

_____

OPINION
_____

PER CURIAM

Gjoke Shqutaj[1] petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen his proceeding. We will deny the petition.

I.

Shqutaj is a citizen of Albania who attempted to enter the United States in 1996 with an illegally obtained passport. He sought asylum and other relief on the ground that he suffered persecution on account of his and his family's activities on behalf of the Albanian Democratic Party. The Immigration Judge ("IJ") denied relief and ordered his removal to Albania in 1997. The BIA affirmed, and we denied his petition for review. See Shqutaj v. INS, 57 F. App'x 95 (3d Cir. 2003). In 2010, Shqutaj filed a motion to reopen on the grounds that (1) he is Roman Catholic and conditions for Roman Catholics in Albania had deteriorated in light of the growth of Islamic fundamentalism, and (2) he was the target of a revenge-killing resulting from a "blood feud" in Albania. The BIA denied that motion as untimely, and we once again denied Shqutaj's petition for review. See Doda v. Att'y Gen., 452 F. App'x 215 (3d Cir. 2011).

One month later, Shqutaj filed with the BIA a second motion to reopen, which is the motion at issue here. Shqutaj argued that, on May 25, 2011, an IJ in New York granted his daughter asylum on the basis of claims that were "primarily identical" to his own. In that regard, he attached the IJ's order from his daughter's case (A.R. 33), but not the IJ's oral decision or any portion of the transcript indicating the basis for the IJ's

---

[1] The name "Gezim Doda" appears first in the case caption, but petitioner's papers in the Immigration Court bear the name "Gjoke Shqutaj" and we will refer to him by that name.

decision. Shqutaj also argued that the evidence submitted in his daughter's proceeding together with evidence of his own, which is summarized in the margin,[2] shows that political and religious conditions in Albania have deteriorated.

On January 30, 2012, the BIA denied Shqutaj's motion as untimely and number-barred and not within the exception for untimely motions based on materially changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii). The BIA recognized that the grant of asylum to Shqutaj's daughter "does create an exception," but it explained that the mere fact of her asylum did not warrant reopening because Shqutaj provided no details regarding the actual basis for the IJ's decision and the IJ in Shqutaj's own case previously denied him asylum in his own right. The BIA also concluded that Shqutaj's evidence does not show changed country conditions or make out a prima facie case for relief. In addition, the BIA explained that Shqutaj failed to comply with the evidentiary requirements applicable to motions to reopen, and it declined to exercise its discretion to reopen sua sponte. Shqutaj petitions for review.[3]

---

[2] From his daughter's proceeding, Shqutaj submitted an affidavit from Bernd J. Fischer, a Professor of Balkan history (A.R. 35-64), and a letter from Bernard Schwartzberg, a psychologist who evaluated Shqutaj's daughter (A.R. 66-69). Shqutaj also submitted an affidavit from Prenk Camaj, a professed expert on conditions in Albania. (A.R. 71-92.) The Fischer and Camaj affidavits opine on the history of political and religious conditions in Albania and on current conditions generally. Shqutaj also submitted an affidavit from his daughter (A.R. 94-96), which we address briefly in the text below.

[3] Shqutaj does not challenge the BIA's denial of reopening sua sponte, and we would lack jurisdiction to review that ruling in the absence of circumstances not present here. See Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011). We have jurisdiction as to the remainder of the BIA's ruling under 8 U.S.C. § 1252(a)(1), and we review the denial of

II.

We read Shqutaj's brief to raise four partially overlapping arguments. Each lacks merit. First, Shqutaj relies on the grant of asylum to his daughter. He argues that the BIA erred in concluding that the asylum grant "should not be considered" in assessing changed country conditions. (Pet'r's Br. at 17.) The BIA, however, plainly did not refuse to consider his daughter's asylum. To the contrary, the BIA recognized that it could potentially warrant reopening but concluded that Shqutaj provided no details regarding the actual basis for the IJ's ruling in his daughter's case. Shqutaj has not argued otherwise or addressed that issue on review. We have recognized that "successful asylum applications by family members can be relevant to a petitioner's claim." Wong v. Att'y Gen., 539 F.3d 225, 236 (3d Cir. 2008). This is so "particularly where there is a high degree of factual similarity between the applicant's claim and those of his family members[.]" Id. (quotation marks omitted). The applicant, however, must provide details sufficient to assess the "similarity or relevance" of the asylum grant to the applicant's own claim. Id. Shqutaj did not do that here. Thus, the BIA did not abuse its discretion in declining to reopen on the basis of Shqutaj's daughter's asylum alone.[4]

_____

reopening for abuse of discretion. See Pllumi, 642 F.3d at 158. "We give the BIA's decision broad deference and generally do not disturb it unless it is arbitrary, irrational, or contrary to law." Id. (quotation marks omitted). We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)).

[4] We will not speculate on the New York IJ's reason or reasons for granting asylum to Shqutaj's daughter, but we note that the record contains evidence suggesting that she

Second, Shqutaj argues that the evidence presented in his daughter's case and his other evidence shows both that conditions in Albania have materially changed and that he has made out a prima facie case for relief. The BIA concluded that Shqutaj's evidence describes only unstable political conditions and episodes of human rights violations in general and does not indicate that anyone in Albania has shown an interest in him or his family for more than fifteen years. Shqutaj disputes these conclusions, but he cites no record evidence compelling conclusions to the contrary and we have located none. Shqutaj relies on discussions in the Fischer affidavit of a politician named Paulin Sterkaj (Pet'r's Br. at 13-14) (citing Pet'r's Appx. at 29; A.R. 44), and religious conditions in Albania (Pet'r's Br. at 14-16) (citing Pet'r's Appx. at 39-41).[5] Neither of those

---

suffers from post-traumatic stress disorder because she observed events that occurred after Shqutaj left Albania. (A.R. 66-67.) Those events include the rape of her mother and burning of the family home in 1996, which Shqutaj did not raise in either his initial application or his first motion to reopen. Shqutaj's daughter herself states in her affidavit that the IJ "approved my political asylum based on my parent's past persecution that I witnesses as a child at age 7 and under," though she also states that "[t]he other reason . . . was country conditions in Albania at the time of my hearing." (A.R. 95.) The BIA did not discuss this affidavit, but Shqutaj does not argue that the BIA abused its discretion in that regard and we cannot say that it did. This conclusory affidavit is no substitute for the IJ's own explanation for his ruling or at least some showing that such an explanation might not have been available, which Shqutaj has not provided even on review. In any event, the limited record Shqutaj provided does not compel the conclusion that the basis for the IJ's grant of asylum to his daughter applies equally to him.

[5] Shqutaj cites only his Appendix and not the Administrative Record. The second of the citations referenced above purports to support a quotation that, except in small part, is not contained in the Appendix or the Administrative Record at all. That omission is only partially explained by the fact that the affidavit Shqutaj submitted appears to be missing one page. We trust that this misquotation was inadvertent. Even if the purported quotation were contained in the record, however, it would not change our ruling.

discussions, however, compels the conclusion that conditions in Albania have changed in any material way or that there is a reasonable probability that anyone in Albania will target Shqutaj for persecution. In particular, the Fischer affidavit provides no reason to believe that either Paulin Sterkaj or Islamic fundamentalists would target Shqutaj if he were returned to Albania. Shqutaj also takes issue with the BIA's conclusion that his evidence does not indicate that anyone in Albania has shown an interest in him or his family for fifteen years. (Pet'r's Br. at 25) (citing Pet'r's Appx. at 49-50; A.R. 66-67). The report from his daughter's psychologist that he cites, however, describes her recounting of Albanian governmental efforts to locate Shqutaj in 1996 but no such efforts since then. The report is thus fully consistent with the BIA's conclusion.

Finally, Shqutaj argues both that his evidence establishes that he suffered past persecution in Albania and that the BIA abused its discretion in concluding otherwise. As the BIA noted, however, the IJ previously found that Shqutaj had not shown past persecution. The BIA affirmed that ruling, and we too found no basis to disturb it. See Shqutaj, 57 F. App'x at 98. To the extent Shqutaj contends that his evidence is relevant to the issue of his alleged persecution before leaving Albania in 1996, that evidence does not permit his untimely motion because it is not based on changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, as the BIA noted, Shqutaj's evidence does not comply with the applicable evidentiary requirements as to that issue because he did not show that it was previously unavailable and that he could not have presented it at his previous hearing. See 8 C.F.R. § 1003.2(c)(1). Shqutaj

6

has not argued otherwise or even addressed that issue.

For these reasons, we will deny the petition for review.